23-6065
Karim v. Blanche

BIA
A206 476 009

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of July, two thousand twenty-six.

PRESENT:
GUIDO CALABRESI,
SUSAN L. CARNEY,
BETH ROBINSON,
*Circuit Judges.*

_____

FAZLUL KARIM,
*Petitioner,*

v.                                                                            **23-6065**
                                                                              **NAC**

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
*Respondent.*\*

_____

_____

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Merrick B. Garland.

**FOR PETITIONER:** Khagendra Gharti-Chhetry, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Alanna T. Duong, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is **DENIED**.

Petitioner Fazlul Karim, a native and citizen of Bangladesh, seeks review of a December 19, 2022, decision of the BIA denying his motion to reopen. *In re Karim*, No. A 206 476 009 (B.I.A. Dec. 19, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We review the denial of a motion to reopen for abuse of discretion and any country conditions determinations for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008).

Noncitizens seeking to reopen proceedings may file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Karim's May 2021 motion to reopen was untimely because he filed it nearly two years after his

2

removal order became final in July 2019.

The time limitation does not apply if the motion is filed to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). However, "to prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding . . . , the [movant] must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible." *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020) (addressing motion based on additional alleged harm to a family member and conditions in country of removal); *see also Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) ("[E]vidence submitted by petitioner in support of . . . motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application.").

In addition, the agency may rely on the underlying adverse credibility determination in evaluating new evidence. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–47 (2d Cir. 2007) (deferring to agency's decision to rely on prior adverse

3

credibility determination in evaluating authenticity of document submitted in support of reopening); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (holding that "a single instance of false testimony may (if attributable to the petitioner) infect the balance of the [petitioner's] uncorroborated or unauthenticated evidence" and "may also influence the [agency's] assessment of the credibility of the corroborative evidence itself").

Here, the BIA did not exceed its discretion in finding that Karim neither rebutted the underlying adverse credibility determination nor asserted a new claim factually independent of the evidence previously found not credible. *See Matter of F-S-N-*, 28 I. & N. Dec. at 3; *see also Kaur*, 413 F.3d at 234. Karim does not argue that his new evidence resolved any of the inconsistencies or other issues on which the underlying adverse credibility determination was based. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). The new affidavits indirectly addressed the credibility determination by repeating some of the factual allegations underlying the original claim, but they did not explain either the inconsistencies or the unclear or unresponsive testimony that the agency relied on in finding Karim not credible.

4

To the extent that Karim argues that the original adverse credibility determination was flawed because it was based on minor inconsistencies, that argument is beyond the scope of the present petition, *see Paul v. Gonzales*, 444 F.3d 148, 153 (2d Cir. 2006) (holding that "we are precluded from passing on the merits of the underlying . . . proceedings" in the context of a petition for review of a denial of reopening (quotation marks omitted)), and we previously concluded that there was substantial evidence for the adverse credibility determination, *see Karim v. Garland*, No. 19-2362, 2022 WL 30506 (2d Cir. 2022) (summary order) (denying Karim's petition for review of the underlying proceedings).

In sum, the agency did not abuse its discretion in denying Karim's untimely motion to reopen on the basis that, having failed to overcome the agency's prior adverse credibility determination or present evidence independent of the claim previously found not credible, he did not establish a material change in country conditions as required to excuse the filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Kaur*, 413 F.3d at 234; *Matter of F-S-N-*, 28 I. & N. Dec. at 3.

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5